UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

      v.                                                                       22-CR-59-LJV

BENJAMIN BOLTON,

                Defendant.
_____

## DECISION AND ORDER

Defendant Benjamin Bolton filed a *pro se* motion "requesting recommendation concerning halfway house placement." Docket Item 39. More specifically, Bolton asks this Court to recommend that the Bureau of Prisons ("BOP") place him in a residential reentry center ("RRC")—more commonly known as a halfway house—for at least six months. *Id.* at 2-3. Bolton also filed a "motion to transfer districts for supervised release." Docket Item 42.

For the following reasons, to the extent that Bolton requests a nonbinding recommendation to the BOP, the Court grants his motion. This Court denies Bolton's motion to transfer districts.

## BACKGROUND

A grand jury indicted Bolton on three counts of making a threat by interstate communications. Docket Item 4. On August 30, 2022, Bolton pled guilty to Count 1 of the Indictment. Docket Items 14, 15. On January 9, 2023, this Court sentenced Bolton to thirty-three months' imprisonment and three years' supervised release. Docket Items 32, 33. Bolton currently is incarcerated at FCI McKean and is projected to be released

on August 13, 2024.  See https://www.bop.gov/inmateloc// (last visited August 30, 2023).

In his motion requesting a recommendation for halfway house placement, Bolton says that he now is about twelve months from his release date.  Docket Item 39 at 2.  From his "brief discussions" about halfway house placement with his case manager, Bolton understands that the current "suggested duration" of his halfway house placement is three months.  Id.  Bolton says that this is not enough time for his rehabilitation and reintegration into society after his incarceration, and he therefore asks this Court to recommend halfway house placement of at least six months.  Id. at 2-3.

The government opposed Bolton's motion on August 2, 2023.  Docket Item 41.  Specifically, the government notes that 18 U.S.C. § 3621(b) gives the BOP—not the Court—"exclusive authority" to designate the facility where a prisoner serves his or her sentence and to transfer a prisoner from one facility to another.  Id. at 1.  The government argues that any recommendation from this Court regarding halfway house placement should wait until after the BOP decides whether Bolton should be placed in a halfway house for the final twelve months of his sentence.  Id. at 3-4.  And the government says that the BOP is better suited to make placement decisions and that Bolton should wait for his actual placement and then, if he is not satisfied, appeal any decision through the BOP's administrative procedures.  Id. at 4-5.[1]

---

[1] The government also discussed how some courts have treated similar motions as being brought under 28 U.S.C. § 2241, which has exhaustion and venue requirements. Docket Item 41 at 3.

2

Bolton replied on August 11, 2023. Docket Item 44. He also moved to transfer his eventual supervised release to the Middle District of Florida, Docket Item 42, and he filed a letter to this Court, Docket Item 43.[2]

After Bolton filed his motions, this Court received information from the United States Probation Office that Bolton's request for relocation of supervision to the Middle District of Florida had been submitted for consideration to that district and that his projected RRC placement is for 75-90 days.

## DISCUSSION

The Bureau of Prisons has exclusive authority to designate where prisoners will serve their sentences and to transfer prisoners. 18 U.S.C. § 3621(b)). The Second Chance Act of 2007, Pub. L. No. 110-199, 122 Stat. 657 (2008), gives the BOP discretion to transfer an inmate to an RRC for up to the final year of his or her term of imprisonment. *See* 18 U.S.C. § 3624(c). In deciding where to place an inmate, the BOP must make an "individualized placement determination" in light of a number of factors listed in the statute—one of which is "any statement of the court that imposed the sentence . . . recommending a type of penal or correctional facility as appropriate." *United States v. Johnson*, 2018 WL 5045757, at *2 (E.D.N.Y. Oct. 17, 2018) (citing, *inter alia*, 18 U.S.C. § 3621(b)).

While courts may recommend placement in an RRC, such a recommendation has "no binding effect" on the BOP. *United States v. Britton*, 2020 WL 6146861, at *1 (E.D.N.Y. Oct. 16, 2020) (citations omitted); *see* 18 U.S.C. § 3621(b) "(Any order,

---

[2] Bolton also recently submitted a petition to vacate his sentence under 28 U.S.C. § 2255, Docket Item 45, which he subsequently moved to withdraw, Docket Item 46.

recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person."). Courts often decline to make such recommendations on the basis that the BOP is "better suited" to make decisions based on the inmate's record and RRC availability. *Britton*, 2020 WL 6146861, at *1.

Having reviewed the parties' submissions, this Court does not oppose halfway-house placement in this case, and recommends Bolton's requested placement in an RRC for the final six months of his term of imprisonment. The Court notes that a substantial time in halfway-house transition may well be beneficial to Bolton, and therefore to society, especially in light of the stressors that resulted in the conduct that led to his incarceration. In making this recommendation, however, this Court recognizes that it has no binding effect and that the BOP is in a better position to determine whether the placement Bolton seeks is appropriate. And the Court agrees with the government that this is especially so because this Court last saw Bolton at the time of his sentencing and the BOP has had contact with him more recently.

This Court notes that once made, a designation of a place of imprisonment by the BOP under 18 U.S.C. § 3621 is not reviewable by this Court. Bolton therefore should direct any additional requests to the BOP using the appropriate procedures rather than to this Court.

As for Bolton's motion to transfer districts for his supervised release, the Court agrees that supervision in the Middle District of Florida seems appropriate in light of the information Bolton provided. Nevertheless, that motion is denied in light of Bolton's

submission of his request through the BOP's procedures and the decision pending in the Middle District of Florida.

## **CONCLUSION**

For the reasons above, this Court GRANTS Bolton's motion (Docket Item 39) to the extent it recommends, consistent with 18 U.S.C. § 3621(b), to BOP that Bolton be placed in an RRC for the final six months of his term of imprisonment.  Bolton's motion to transfer districts for his supervised release (Docket Item 42) is DENIED.

SO ORDERED.

Dated:  August 31, 2023
        Buffalo, New York

                                         */s/ Lawrence J. Vilardo*
                                         LAWRENCE J. VILARDO
                                         UNITED STATES DISTRICT JUDGE